BLAND v. WINDSOR AUDIT COMPANY.

5-1238                                    301 S. W. 2d 34

Opinion delivered April 15, 1957.

[Rehearing denied May 13, 1957]

720

*Luke Arnett,* for appellant.

*Bailey, Warren & Bullion,* for appellee.

SAM ROBINSON, Associate Justice. This case concerns a rule adopted by the Administrator of the Arkansas Employment Security Act. Appellees filed this suit to enjoin the enforcement of the rule. The Chancellor granted the injunction, and the Administrator has appealed. Appellee, Windsor Audit Company, represents about one hundred thirteen employers subject to the Arkansas Employment Security Act. Act 391 of 1941 provides:

"It shall be the duty of the Commissioner to administer this Act; and he shall have power and authority to adopt, amend or rescind such rules and regulations, . . . as he deems necessary or suitable to that end. Such rules and regulations shall be effective upon publication in a manner not inconsistent with the provisions of this Act, which the Commissioner shall prescribe."

For a period of about seventeen years prior to November 1, 1955, the Administrator had furnished to Windsor daily a list of all claims filed against the account of the employers represented by Windsor. On that date, the Administrator adopted a rule which is the subject of this litigation. The rule provides:

"Any claimant shall be supplied with information from the records of the Division to the extent necessary for the proper presentation of his claim in any proceeding under the Act. Any employer (or his authorized legal representative) shall have made available to him for examination affecting the account of said employer all information in the manner hereinafter provided, except forms, notices and records theretofore furnished said employer.

"Said claimant or employer (or his legal authorized representative) shall notify the Agency twenty-four

(24) hours in advance that he will appear in the office of the Employment Security Division at a given hour and date to obtain the information; said notice shall show (1) the name of the employer or employing unit requesting said information; (2) employer's account number; and (3) claimant's name and social security number, that he desires information with respect thereto. Notice to be in writing and received by the Agency twenty-four (24) hours in advance of the request for delivery.''

Appellees contend that the rule is unreasonable in requiring twenty-four hours notice to obtain the desired information; the principal complaint is that the employer has only seven days after a claim is filed in which to protest the allowance thereof, and it is claimed that, in many instances, it would be rather difficult, if not impossible, for the employer to file a protest in the required time if there must be a twenty-four hour notice in order to obtain desired information about the account. The employers further contend that their problem of keeping up with the claims that may be allowed against their respective accounts, and other information pertaining to the status of their account, is greatly facilitated by the method used in the past by their representative, Windsor, in keeping a daily record of claims that have been allowed.

The question is whether the rule requiring twenty-four hours notice is reasonable. The Chancellor held that it is unreasonable. Ark. Stats. § 81-1114 provides that the information must be made available at all times. Undoubtedly, the statute should be construed to mean ''at all reasonable times.'' No one would contend that the information should be available every minute of the twenty-four hour day. The Administrator does not have to take advantage of the full twenty-four hour period. He may, and in many instances, no doubt he will furnish the desired information immediately upon the request being made, but the rule merely allows the Administrator twenty-four hours in which to furnish the requested information. It appears that it is not so much the contention of appellee that the twenty-four hour period is unreasonable as it is that a rule allowing the Administra-

tor any time would be unreasonable. But, there are 28,-500 employers and 245,000 employees in the State subject to the act; certainly, the Administrator should be allowed some reasonable time in which to furnish the required information. If twenty-four hours is unreasonable, what would be reasonable? Just where is the dividing line? We could safely say that requiring five minutes notice would not be unreasonable, and we could with certainty say that one week would be unreasonable; but we cannot say that twenty-four hours is unreasonable.

Mr. J. L. Bland, the Administrator, testified that certain information contained in the files is confidential. Mr. Bland said: "I promulgated Regulation No. 24, which was simply to stop what had been a practice of searching through the files and obtaining all sorts of information, both confidential and non-confidential, which practice was making some of our employees subject to criminal prosecution . . . But I would want to eliminate the free searching of the files, not only by any representative of employers but any of my own people . . . And I might add another reason for promulgating the regulation is a complaint from other sources that we are giving preferred service for one agent which enabled him to obtain claims much easier . . . I have been advised that the manner in which that was being handled was a violation of the law." Mr. M. P. Filiatreau, Chief of Benefits of the Employment Security Division, testified that the files contain confidential information. He said: "Now, we are attempting to take the file of the employer down to a desk and give it to him (Windsor), leaving the confidential information in the file, and they can't see that. Prior to this, he (Windsor) got the whole file and would go through the whole thing. I might add, not only was he allowed to look at the claims in which his clients were represented, but he was going through the entire list of claims having been received from everybody in the State. Under the regulation and our present operation, we are at-

tempting to segregate that information he is entitled to see and deliver it to him outside of the files. And that is the only difference."

Reversed.

McFADDIN, J., dissents.